# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 19-91 |
| | ) | |
| TAMMY KEEFER, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

### TENTATIVE FINDINGS AND RULINGS
### CONCERNING THE APPLICABLE ADVISORY GUIDELINE RANGE

On June 11, 2019, defendant Tammy Keefer ("Keefer" or "defendant") pleaded guilty to two counts of tax evasion for tax years 2012 and 2013, in violation of 26 U.S.C. § 7201, as charged in counts 1 and 2 of the indictment at criminal action number 19-91. The Probation Office filed a Final Presentence Investigation Report ("PIR") on August 26, 2019 (ECF No. 30). Pursuant to Local Rule 32C.4, counsel for Keefer and for the government each had an opportunity to submit objections to the PIR prepared by the Probation Office and to state any anticipated grounds for a departure or variance. The government and defendant had no objections to the PIR (ECF Nos. 25, 33).

In light of the United States Supreme Court's holding in United States v. Booker, 543 U.S. 220 (2005), the United States Sentencing Guidelines are advisory and no longer mandatory in the federal courts. The court is directed to sentence criminal defendants in accordance with the factors set forth in 18 U.S.C. § 3553(a). One of the factors enumerated in § 3553(a) that the court must consider is "the kinds of sentence and the sentencing range established for under the United States Sentencing Guidelines." 18 U.S.C. § 3553(a)(4). In fact, the United States

Supreme court stated that "[t]he district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." <u>Booker</u>, 543 U.S. at 264. Accordingly, the court's tentative findings reflect the advisory Guidelines range for defendant's offense.  At the time of sentencing, the court will impose the defendant's sentence in consideration of all the factors set forth in § 3553(a).

The 2018 Guidelines Manual, incorporating all guideline amendments, was used to determine the defendant's offense level, pursuant to U.S.S.G. §1B1.11.  Counts 1 and 2 are grouped for guideline calculation purposes because the offense level is determined largely on the basis of the total amount of harm or loss, the quantity of a substance involved, or some other measure of aggregate harm, or if the offense behavior is ongoing or continuous in nature and the offense guideline is written to cover such behavior. U.S.S.G. §3D1.2(d).

**Base Offense Level**:

1.      The guideline for 26 U.S.C. § 7201 offenses is found in U.S.S.G. §2T1.1 of the guidelines. Pursuant to U.S.S.G. § 2T1.1(a)(1), the base offense level is determined by the tax loss corresponding with the Tax Table located in U.S.S.G. §2T4.1. For a tax loss of $77,961, the base offense level is 14, pursuant to U.S.S.G. §2T4.1(E). The base offense level is 14.

2.      **Specific Offense Characteristics:** Defendant failed to report or correctly identify the source of income exceeding $10,000, in any year from criminal activity; therefore, the offense level is increased by 2 levels, pursuant to U.S.S.G. § 2T1.1(b)(1).

3.      Defendant clearly demonstrated acceptance of responsibility for the offense. Accordingly, the offense level is decreased by 2 levels. U.S.S.G. § 3E1.1(a).

4.      Defendant assisted authorities in the investigation or prosecution of defendant's

own misconduct by timely notifying authorities of the intention to enter a plea of guilty. Accordingly, the offense level is decreased by 1 additional level. U.S.S.G. § 3E1.1(b).

     5.     The total offense level is **13**.

**Criminal History**

     6.     Defendant's criminal convictions result in a total criminal history score of 9. According to the sentencing table in U.S.S.G. Chapter 5, Part A, a criminal history score of 9 establishes a criminal history category of IV.

**Imprisonment**

     7.     At Counts 1-2, the maximum term of imprisonment is five years, per count, pursuant to 26 U.S.C. § 7201.

     8.     Based upon a total offense level of 13 and a criminal history category of IV, the guideline imprisonment range is 24 to 30 months. U.S.S.G. Sentencing Table.

     9.     It is noted that defendant is subject to an undischarged term of imprisonment at Fayette County Court of Common Pleas Docket No. CP-26-CR-378-2017. Per the Policy Statement found in U.S.S.G. §5G1.3(d), in a case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense. (*See also* U.S.S.G. §5G1.3, generally).

**Supervised Release**

     10.     At counts 1-2, the court may impose a term of supervised release of not more than three years per count, pursuant to 18 U.S.C. § 3583(b)(2).

     11.     The guideline range for a term of supervised release is 1-3 years at each count.

U.S.S.G. § 5D1.2(a)(2).

**Probation**

12.     At each of counts 1 and 2, defendant is statutorily eligible for not less than one nor more than five years' probation because each offense is a Class D Felony. 18 U.S.C. § 3561(c)(1). One of the following must be imposed as a condition of probation unless extraordinary circumstances exist: a fine, restitution, or community service.

13.     Since the applicable guideline range is in Zone D of the Sentencing Table, the defendant is ineligible for probation. U.S.S.G. §5B1.1, comment (n.2).

**Fines**

14.     At each of counts 1 and 2, the maximum fine is $100,000. U.S.C. § 3571(b) and (e), and 26 U.S.C. § 7201.

15.     The fine range for this offense is from $3,000 to $30,000, pursuant to U.S.S.G. §§5E1.2(c)(3) and (h)(1).

16.     A special assessment of $100 per count, for a total of $200, is mandatory. 18 U.S.C. § 3013.

**Restitution**

17.     Pursuant to 18 U.S.C. § 3663(a)(3), restitution in the total amount of $77,961.00 shall be ordered in this case and made payable to the Internal Revenue Service. Payments are to be sent to the Clerk of Courts, U.S. Courthouse, 700 Grant Street, Suite 3110, Pittsburgh, PA 15219. The Clerk's office shall then forward payments to the following:

> IRS – RACS
> Attn: Mail Stop 6261, Restitution
> 333 W. Pershing Avenue
> Kansas City, MO 64108

**Forfeiture**

18. Forfeiture is not applicable.

BY THE COURT:

_/s/ *Joy Flowers Conti*_
Joy Flowers Conti
Senior United States District Judge

Dated: September 4, 2019